IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNTIED STATES OF AMERICA, | ) | MISC NO. 3:15-mc-00360-JFA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WAYNE C. SIRON, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER**

Respondent Wayne C. Siron, through counsel, moves the Court to lift a bench warrant issued for failing to appear for a Rule to Show Cause hearing on December 14, 2015. The government does not oppose lifting the bench warrant; provided however, the Court's order has sufficient teeth in it to assure immediate compliance with the underlying IRS summons.

I.     BACKGROUND

The government's factual presentation is uncontested. The IRS is investigating for the collection of tax liability of Mr. Siron for the calendar year(s) ended 12/31/1998; 12/31/2000; 12/31/2001; 12/31/2002; and 12/31/2004. (Decl. of Richard Freeman at ¶ 2, Dkt. #'s 1-2;9) On August 19, 2015, an IRS Revenue Officer served an administrative summons on Respondent directing him to appear before him on September 2, 2015, to testify and to produce for examination books, papers, records, or other data described therein. (Id. at ¶ 4; Copy of Summons at p.2, Dkt. #1-1) In pertinent part, the information requested specified records for the period of 01/01/2014 to 08/15/2015. Id.

Mr. Siron did not appear on September 2, 2015, in response to the Summons, but he did provide page one (1) of the Collection Information Statement. (Freeman Decl. at ¶¶ 5-6) He

1

also provided written responses dated August 15, 2015 and September 25, 2015, in which he stated he is not a person required to pay taxes and he is not subject to the jurisdiction of the National Government. (Id. at ¶ 5; see also Respondent's Letters with Attachments, Dkt. #1-4)

On September 10, 2015, the IRS issued and mailed a final notice letter directing Respondent to appear before RO Freeman on September 28, 2015, at 9:00 a.m., at 1835 Assembly Street, Room 548, Columbia, South Carolina 29201, to testify and to produce for examination books, papers, records, or other data described in the summons. (Copy of final notice letter, Dkt. #1-3)

Following Mr. Siron's continued refusal to comply with the Summons, (Freeman Decl. at ¶ 5), the government initiated this matter.

## II.     PROCEDURAL HISTORY

The government filed its Petition to Enforce an IRS Summons on November 6, 2015. (Dkt. #1) On November 12, 2015, the Court issued an Order to Show Cause and set a hearing date for December 14, 2015. (Dkt. #4) Mr. Siron received these filings via mail and personal service. (Dtk. #'s 5,6,8,10,11)

Prior to the hearing, Respondent filed a *pro se* Motion to Dismiss, where *inter alia*, he raised jurisdictional, sovereign citizen, Sixteenth Amendment, and Thirteenth Amendment arguments. (Dkt. # 7, 11/19/2015). The government filed an oppositional brief. (Dkt. #12, 12/7/2015) Mr. Siron submitted a *pro se* response to the government's filing. (Dkt. #14, 12/11/2015) Mr. Siron responded, reiterating his earlier arguments, including that the Court lacked jurisdiction. (*Id.*)

Wayne Siron, despite Notice, failed to appear at the Hearing on this Matter. This Court issued a bench warrant for Mr. Siron, as a result of his failure to appear at the December 14, 2105 hearing.

Following his failure to appear, Respondent retained J. Preston Strom, Jr. and John R. Alphin of Strom Law Firm, LLC to represent him in this matter. Mr. Strom has informed the Court that Respondent will comply with the Internal Revenue Summons.

### III.     DISCUSSION

Preliminarily, the Court clearly has subject matter jurisdiction in this matter. *See* 26 U.S.C. § 7604(a)(in IRS summons enforcement matters, "district court "shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data."); 26 U. S. C. § 7402(b)(same); *see also United States v. Richards*, 631 F.2d 341, 344 (4th Cir. 1980)(court cited §§ 7402(b) & 7604(a) in its discussion of jurisdiction in an IRS summon enforcement matter). The Court also has personal jurisdiction over Mr. Siron: he was properly served and notified of the proceedings against him. *See, e.g., United States v. Elmes*, 532 F.3d 1138, 1144-45 (11th Cir. 2008)(rejecting personal jurisdiction argument because respondent had been notified of proceedings against him, had been served with IRS summons, and he had been served with order to show cause).

District courts have inherent power to enforce compliance with orders through contempt proceedings. *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also* 26 U. S. C. § 7402(b) (in summons enforcement proceedings, the judge "shall have the power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempt to enforcement obedience to the requirements of the summons and to punish such person for his default or disobedience." )  Refusal to comply with an enforcement order interferes with the administration

3

of justice, and a court has available coercive sanctions to induce compliance, or remedial sanctions to compensate an aggrieved party for losses sustained for past disobedience of the court's order. *Feltner v. Title Search Co.*, 283 F.3d 838, 841 (7th Cir. 2002). Appropriate sanctions may include a coercive daily fine, a compensatory fine, or coercive incarceration. *Int'l Union*, 512 U.S. 821; *United States v. Marquardo*, 149 F.3d 36 (1st Cir. 1998); *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992). The sanctions can also include attorney's fees and costs of attending the contempt hearing. A reasonable hourly rate to award for fees is the amount "according to the prevailing market rates in the relevant community." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995) (*citing Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also United States v. City of Jackson*, 359 F.3d 727, 733 (5th Cir. 2004) ("When a court awards attorney's fees to the government as a sanction for an adverse party's improper conduct, [ ] we treat the hourly rate in the local legal community as a benchmark for determining the amount of attorney's fees to be imposed.").

Mr. Siron failed to comply with the earlier, underlying IRS administrative summons, and more significantly here, the Court's rule to show cause order. He also raised frivolous arguments to the IRS and this Court. The government would be well within its rights to move the Court for civil contempt proceedings, now. The government's argument that this is Mr. Siron's <u>third</u> chance to provide the information that he should have given months ago is well taken.

## IV.  CONCLUSION

**IT IS ORDERED** that the bench warrant issued by the Court on December 14, 2015 is lifted.

**IT IS FURTHER ORDERED** that Respondent shall comply with the Internal Revenue Service's Summons. This includes appearing at the IRS Columbia Office, 1835 Assembly Street,

4

MDP 36, Room 548, Columbia, SC 29201-2340, (803) 312-7756, to testify and to produce for examination books, papers, records, or other data described in the summons.  Mr. Siron shall appear at the IRS office at 10:00 a.m. on Monday, December 21, 2015.

**IT IS FURTHER ORDERED** that upon an appropriate showing, the violation of this order may subject to Mr. Siron to the Court's civil contempt powers.

    **IT IS SO ORDERED.**

December 18, 2015
Columbia, South Carolina

Joseph F. Anderson, Jr.
Senior United States District Judge